UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN SMITH,

                         Plaintiff,              Civil Action No. 18-10010
v.                                               Honorable Robert H. Cleland
                                                 Magistrate Judge David R. Grand

CORIZON HEALTH
CORPORATION, *et al.*,

                         Defendants.
_____/

### REPORT AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION TO DISMISS COMPLAINT AGAINST DEFENDANT BRENDA L. BUCHANAN [51] AND TO TERMINATE DEFENDANTS B. PAITKOWSKI, J. NIXON, LAURA KINDER, AND R. HARBAUGH FROM THIS ACTION

I.      **REPORT**

        A.      **Background**

        Plaintiff John Smith ("Smith"), who is incarcerated at Chippewa Correctional Facility in Kincheloe, Michigan, appears *pro se* in this matter, and has alleged violations of his First, Fifth, and Fourteenth Amendment rights "to proper medical care and due process of law" resulting from the medical treatment he received for a shoulder injury while incarcerated. The docket in this case has been complicated by the parties' numerous pretrial motions and procedural filings, as discussed below. This Report & Recommendation will clean up the docket so the Court may focus on resolving the more substantive motions that remain pending.[1]

        On January 2, 2018, Smith filed his *pro se* complaint against Defendants Corizon Health Corporation ("Corizon"), Dr. Ramesh Kilaru ("Kilaru"), B. Paitkowski ("Paitkowski"), J. Nixon

_____

[1] Pursuant to 28 U.S.C. § 636(b)(1), all pretrial matters have been referred to the undersigned. (Doc. #13).

("Nixon"), Laura Kinder ("Kinder"), R. Harbaugh ("Harbaugh"), Dr. Badawi Adellatif ("Adellatif"), and Subrina Aiken.  (Doc. #1).  On February 20, 2018, Smith filed a Motion to File an Amended Complaint (Doc. #15), which the Court granted on February 23, 2018.  (Doc. #16).  On March 9, 2018, Smith filed an amended complaint, in which he only named Corizon, Kilaru, and Adellatif, but also added as defendants Dr. Keith Papendick ("Papendick") and Dr. Brenda Buchanan ("Buchanan").  (Doc. #22 at 2).  As noted above, in his amended complaint, Smith alleges constitutional violations related to medical treatment he received while incarcerated. (*Id.*).

On March 22, 2018, Buchanan, along with Corizon and Papendick, filed a motion to dismiss Smith's amended complaint.  (Doc. #29).  One month later, on April 23, 2018, Buchanan, Corizon, and Papendick filed a motion to dismiss Smith's amended complaint for failure to exhaust administrative remedies.  (Doc. #48).  Prior to that, on April 13, 2018, Adellatif[2] and Kilaru filed a motion to dismiss Smith's amended complaint.  (Doc. #42). Similarly, on April 20, 2018, Paitkowski,[3] Nixon, Harbaugh, and Aiken also filed a motion to dismiss Smith's amended complaint.  (Doc. #46).

Presently before the Court is Smith's Motion to Dismiss Complaint Against Defendant Brenda L. Buchanan.  (Doc. #51).  Smith asks the Court to dismiss Buchanan from the action because he determined "after careful deliberation" that she did not take part in violating his constitutional rights and "was prematurely added to th[is] claim."  (*Id.* at 2).  According to Smith, Buchanan "should not be held liable for the actions of others that were much more

---

[2] Defendant Adellatif spells his name "Abdellatif" in the motion to dismiss that he filed with Kilaru.  (Doc. #42 at 1).

[3] Defendant Paitkowski spells her name "Piatkowski" in the motion to dismiss that she filed with Nixon, Harbaugh, and Aiken.  (Doc. #46 at 2).

informed of [his] injuries long before [D]efendant Buchanan examined [him]," and the recommendation that he have shoulder surgery came "quite some time" before Buchanan started to treat him.  (*Id.* at 1).

Furthermore, in an April 30, 2018 filing made by Smith that he identifies as a response to the various pending motions to dismiss ("Plaintiff's Response to State Defendant's Motion and Corizon's Motion to Dismiss on Behalf of Defendants Badawi Abdellatif[,] M.D., Ramesh Kilaru[,] M.D."), Smith states that he "would also clarify that Defendants B. Paitkowski, J. Nixon, Laura Kinder and R. Harbaugh and Dr. Brenda L. Buchanan are no longer a part of this action and therefore needs [sic] not be addressed by this Honorable Court."  (Doc. #52 at 2).

### B.    Analysis

Fed. R. Civ. P. 41(a) governs voluntary dismissals in federal court.  Fed. R. Civ. P. 41(a)(1)(A) permits a plaintiff to voluntarily dismiss an action, without prejudice, without a court order:  (1) by filing an appropriate notice, if the adverse party has not filed an answer or a motion for summary judgment; or (2) by filing a "stipulation of dismissal signed by all parties who have appeared."  Fed. R. Civ. P. 41(a)(1)(A).  Once a defendant has served an answer to the complaint or filed a motion for summary judgment, and in the absence of a filed stipulation, the plaintiff is required to seek an order of the court to voluntarily dismiss his suit.  *See* Fed. R. Civ. P. 41(a)(2). The court may grant a request for voluntary dismissal "on terms that the court considers proper." *Id.*  Whether to permit a plaintiff to voluntarily dismiss his case is a matter committed to the court's discretion.  *See Banque de Depots v. Nat'l Bank of Detroit*, 491 F.2d 753, 757 (6th Cir. 1974).  An "abuse of discretion is found only where the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice . . . ."  *Bridgeport Music, Inc. v. Universal-MCA Music Publ'g, Inc.*, 583 F.3d 948, 953 (6th Cir. 2009) (internal quotations omitted).  Thus,

"a district court should [ordinarily] grant a motion for voluntary dismissal unless a defendant can show that it will suffer some plain legal prejudice as a result." *Quiktrak, Inc. v. Hoffman*, No. 1:05-CV-384, 2005 WL 2465735, at *2 (W.D. Mich. Oct. 6, 2005). To determine whether prejudice would result, the court "typically considers the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Hicks v. Welton*, No. 1:09-CV-942, 2010 WL 2507775, at *1 (W.D. Mich. June 17, 2010) (citing *Bridgeport Music, Inc.*, 583 F.3d at 953).

In this case, Buchanan has not opposed Smith's request for dismissal, nor has she shown that prejudice would result from granting such a request. Because Buchanan has not contended that she would suffer any prejudice as a result of the voluntary dismissal of Smith's claims, the Court will not presume the existence of prejudice. *See id.* (granting the plaintiff's "un-objected to" motion for a voluntary dismissal without prejudice). Moreover, additional considerations support a finding of no prejudice to Buchanan should Smith's case be voluntarily dismissed without prejudice. Even though Buchanan has filed two motions to dismiss, a scheduling order has not been put in place, discovery has not yet commenced, she has not moved for summary judgment, and a trial date has not been set. As a result, Buchanan has not put forth significant effort and expense in preparing for trial. Furthermore, Smith has not shown a lack of diligence in prosecuting the instant action. Less than two weeks after he filed an amended complaint that named Buchanan as a party, he filed the motion to dismiss her as a defendant. Finally, Smith has explained the reasoning behind the relief he seeks, which Buchanan did not challenge. Accordingly, Smith's request to voluntarily dismiss his claims against Buchanan without prejudice should be granted.

Meanwhile, Paitkowski, Nixon, Kinder, and Harbaugh are not named as defendants in Smith's operative amended complaint, which means that they are no longer parties to the case. (*See* Doc. #22 at 2).  The law is clear that an amended complaint, when filed, supplants the original complaint and becomes the only live complaint in the case.  *See Parks v. Federal Express Corp.*, 1 F. App'x 273, 277 (6th Cir. 2001).  *See also Long v. County of Saginaw*, 2014 WL 1845811, at *3 fn. 1 (citing 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1476 (3d ed. 2010)) ("Because amended pleadings supersede original pleadings, 'the original pleading no longer performs any function in the case ...'").  Accordingly, to the extent Paitkowski, Nixon, Kinder, and Harbaugh are still reflected as defendants on the docket in this action, they should be terminated.[4]

## II.   RECOMMENDATION

For the reasons set forth above, **IT IS RECOMMENDED** that Smith's Motion to Dismiss Complaint Against Buchanan **(Doc. #51)** be **GRANTED** and that Smith's complaint be **DISMISSED WITHOUT PREJUDICE** as to Buchanan.   In addition, **IT IS RECOMMENDED** that Paitkowski, Nixon, Kinder, and Harbaugh be terminated as defendants in this action.

Dated: May 29, 2018                                s/David R. Grand
Ann Arbor, Michigan                            DAVID R. GRAND
                                               United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and

---

[4] As mentioned above, multiple motions to dismiss have been filed by these and other defendants.  (Docs. #29, #42, #46, #48).  The Court will address these motions in a separate Report and Recommendation.

recommendations and the order set forth above. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 29, 2018.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager
