# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JOHN SMITH,

    Plaintiff,

v.                                                                           Case No. 18-10010

CORIZON HEALTH CORPORATION, et al.,

    Defendants.
_____/

## OPINION AND ORDER (1) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, (2) GRANTING PLAINTIFF'S MOTION TO DISMISS, (3) TERMINATING DEFENDANTS PAITKOWSKI, NIXON, KINDER, AND HARBAUGH, AND (4) TERMINATING AS MOOT DEFENDANTS' OBJECTION

Plaintiff John Smith, incarcerated at Chippewa Correctional Facility and appearing pro se, alleges that he suffered violations of his First, Fifth, and Fourteenth Amendment rights for medical care he received for a shoulder injury while incarcerated. (Dkt. #22.) He moves to voluntarily dismiss Defendant Brenda Buchanan. (Dkt. #51.) Before the court is Magistrate Judge David R. Grand's Report and Recommendation ("R&R"), which recommends granting Plaintiff's motion and dismissing Defendant Buchanan without prejudice. Judge Grand further recommends terminating individual Defendants B. Paitkowski, J. Nixon, Laura Kinder, and R. Harbaugh—Defendants who were named in the initial complaint, but not included in Plaintiff's amended complaint. Defendants have filed an objection (Dkt. #56); Plaintiff has offered no response to either that objection or the R&R. The court has determined that a hearing is unnecessary. E.D. Mich. L.R. 7.1(f)(2). For the reasons stated below and in the R&R, the court will adopt the R&R.

**I. STANDARD**

The timely filing of objections to an R&R requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *Gant v. Genco I, Inc.*, 274 F. App'x 429, 431–32 (6th Cir. 2008). Where a party objects to some portion of the R&R, the court must re-examine all evidence relevant to that portion of the R&R and determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981), enabling the court "to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *Alspaugh v. McConnell*, 643 F.3d 162, 166 (6th Cir. 2011) (quoting *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991)).

**II. DISCUSSION**

**A. Motion to Dismiss Defendant Buchanan**

Plaintiff has moved to voluntarily dismiss Defendant Buchanan under Federal Rule of Civil Procedure 41(a). Judge Grand, after considering any potential prejudice to Defendant Buchanan and Plaintiff's prosecution of the matter, recommends granting

Plaintiff's motion to dismiss without prejudice. The parties have offered no objection to this conclusion, and the court will adopt it.

**B. Termination of Defendants Unnamed in the Amended Complaint**

Plaintiff's initial complaint named as Defendants Corizon Health Corporation, Dr. Ramesh Kilaru, B. Paitkowski, J. Nixon, Laura Kinder, R. Harbaugh, Dr. Badawi Adellatif, and Subrina Aiken. (Dkt. #1.) Plaintiff moved to amend the complaint, a motion Judge Grand granted. (Dkt. #16.) The amended complaint added two new Defendants—Dr. Keith Papendick and Dr. Brenda L. Buchanan—but omitted five of the original Defendants: Paitkowski, Nixon, Kinder, Harbaugh, and Aiken. (Dkt. #22.)

Despite the fact that they were no longer named defendants, Defendants Paitkowski, Nixon, Harbaugh, and Aiken moved to dismiss the amended complaint. (Dkt. #46.) They argued that they were entitled to dismissal under Federal Rule 12(b)(6) because the amended complaint did not include any factual allegations against them.

Judge Grand did not consider the merits of that motion to dismiss. Instead, Judge Grand recommended termination of Defendants Paitkowski, Nixon, *Kinder* (not Aiken, who had moved with the others to dismiss), and Harbaugh because they were not named in the amended complaint; he noted that "[t]he law is clear that an amended complaint, when filed, supplants the original complaint and becomes the only live complaint in the case." (*See* Dkt. #54 Pg. ID 401 (citing *Parks v. Fed. Express Corp.*, 1 F. App'x 273, 277 (6th Cir. 2001).) Defendants have offered only one objection to that recommendation: that Judge Grand's conclusion is equally applicable to Defendant Aiken, who is also not named in the amended complaint. (*See* Dkt. #56.)

Normally, when faced with an amended complaint that no longer named certain defendants, the court would order the plaintiff to show cause why the now-unnamed defendants should not be terminated from the action. But the court will dispense with that process here, as Plaintiff is in apparent agreement that Defendants Paitkowski, Nixon, Kinder, and Harbaugh should be dismissed from this action: in response to the motion to dismiss by Defendants Paitkowski, Nixon, Harbaugh, and Aiken (Dkt. #46), Plaintiff specifically noted his "clarif[ication] that Defendants B. Piatkowski, J. Nixon, Laura Kinder, and R. Harbaugh and Dr. Brenda L. Buchanan are no longer a part of this action . . . ." (Dkt. #52 Pg. ID 390.) He similarly filed no objection to Judge Grand's recommendation that they be terminated from this matter. The court therefore agrees with Judge Grand's conclusion that Defendants Paitkowski, Nixon, Kinder, and Harbaugh should be terminated.

But the court is uncertain that Plaintiff has had adequate opportunity to respond to Defendant Aiken's termination as suggested by Defendants in their objection to the R&R. Judge Grand's report did not address Defendant Aiken. And Plaintiff generally opposed Defendant Aiken's motion to dismiss (Dkt. #52), though he provided no argument as to why Defendant Aiken specifically should not be dismissed from this matter. The court will, therefore, issue a separate order for Plaintiff to show cause why Defendant Aiken should not also be terminated from this matter because she is not named in the amended complaint, and it will terminate Defendants' objection to the R&R as moot. Accordingly,

IT IS ORDERED that the Magistrate Judge's Report and Recommendation (Dkt. #54) is ADOPTED AND INCORPORATED BY REFERENCE.

4

IT IS FURTHER ORDERED that Plaintiff's Motion to Dismiss Defendant Buchanan (Dkt. #51) is GRANTED.

IT IS FURTHER ORDERED that Defendants Paitkowski, Nixon, Kinder, and Harbaugh be TERMINATED from this matter.

IT IS FURTHER ORDERED that Defendant's objection to the R&R (Dkt. #56) is TERMINATED as MOOT.

                                        s/Robert H. Cleland         /
                                        ROBERT H. CLELAND
                                        UNITED STATES DISTRICT JUDGE

Dated: July 13, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 13, 2018, by electronic and/or ordinary mail.

                                        s/Lisa Wagner            /
                                        Case Manager and Deputy Clerk
                                        (810) 292-6522

Z:\Cleland\KNP\Civil\18-10010.SMITH.adopt.recommendation.terminate.objection.KNP.docx