UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN SMITH,

                Plaintiff,                Civil Action No. 18-10010
                                                     Honorable Robert H. Cleland
v.                                            Magistrate Judge David R. Grand

CORIZON HEALTH CORPORATION, *et al.*,

                Defendants.
_____/

### REPORT AND RECOMMENDATION TO DENY THE CORIZON DEFENDANTS' MOTIONS TO DISMISS AS MOOT WITHOUT PREJUDICE [29, 42, 48]

**I.    RECOMMENDATION**

Before the Court are three Motions to Dismiss Plaintiff's Amended Complaint, filed by Defendant Corizon Health, Inc. and several of its employees (collectively the "Corizon Defendants"). (Docs. #29, 42, 48). This case has been referred to the undersigned for all pretrial matters pursuant to 28 U.S.C. § 636(b). (Doc. #13). For the following reasons, the Court **RECOMMENDS** that the Corizon Defendants' motions be **DENIED AS MOOT**.

**II.    REPORT**

Proceeding *pro se*, Smith filed his original complaint in this matter on January 2, 2018 (Doc. #1), and an amended complaint on March 9, 2018 (Doc. #22). In both his complaint and amended complaint, Smith generally alleged that the defendants were deliberately indifferent to a serious medical need when they refused to approve him for shoulder surgery after he suffered an injury in prison in February 2015.

As set forth above, the Corizon Defendants filed three separate motions to dismiss, arguing that Smith's amended complaint should be dismissed both on exhaustion grounds and because it failed to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). (Docs. #29, 42, 48). In the

meantime, however, Smith obtained legal representation and filed a Motion for Leave to File a Second Amended Complaint. (Doc. #58). On October 31, 2018, this Court issued an Order granting in part and denying in part Smith's motion and giving him permission to file a second amended complaint. (Doc. #66). Because the second amended complaint (as limited by the Court's Order) will supplant the amended complaint, *see United States v. Goff*, 187 F. App'x 486, 491 (6th Cir. 2006), the Corizon Defendants' motions to dismiss Smith's amended complaint are now moot. *See Citizens Bank v. Merrill, Lynch, Pierce, Fenner and Smith, Inc.*, 2012 WL 5828623, at *2 (E.D. Mich. July 6, 2012).

For the foregoing reasons, the Court **RECOMMENDS** that the Corizon Defendants' Motions to Dismiss Plaintiff's Amended Complaint (**Docs. #29, 42, 48**) be **DENIED AS MOOT WITHOUT PREJUDICE** as to their ability to file an appropriate motion with respect to the second amended complaint.

Dated: October 31, 2018                     s/David R. Grand
Ann Arbor, Michigan                         DAVID R. GRAND
                                            United States Magistrate Judge

## REVIEW

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *See Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers*

*Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection must be served upon this Magistrate Judge.  *See* E.D. Mich. L.R. 72.1(d)(2).

*Note these additional requirements at the direction of Judge Cleland:*

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 31, 2018.

        s/Eddrey O. Butts
        EDDREY O. BUTTS
        Case Manager